IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANASTASIA HATAMPA and § | | |
| LASHUNDA MCDONALD § | | PLAINTIFFS |
| § | | |
| v. § | | Civil Action No. 1:12cv265-HSO-RHW |
| § | | |
| CITY OF BILOXI, *et al.* § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY OF BILOXI'S MOTION FOR SUMMARY JUDGMENT [47] AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE EXPERT TESTIMONY [49]**

BEFORE THE COURT are the Motion for Summary Judgment [47] filed by Defendant City of Biloxi on August 19, 2013, and the Motion to Strike Expert Testimony [49] filed by Plaintiffs Anastasia Hatampa and Lashunda McDonald on the same date. Plaintiffs' Motion [49] is fully briefed. Plaintiffs have not responded to Defendant City of Biloxi's Motion for Summary Judgment [47]. After due consideration of the record, the submissions on file, and relevant legal authorities, the Court finds that Defendant City of Biloxi's Motion for Summary Judgment [47] should be granted and that Plaintiffs' Motion to Strike Expert Testimony [49] is moot.

I. FACTS AND PROCEDURAL HISTORY

This action stems from an incident at the Imperial Palace Casino in Biloxi, Mississippi [the "IP"] on September 15, 2011, which resulted in James Hall, Kelvin Beavers, Anastasia Hatampa, and Lashunda McDonald being arrested by the Biloxi Police Department. Compl. [1] at 3. Mr. Hall and Mr. Beavers were involved in an

altercation at the IP, following which all four individuals were arrested by police. *Id.*

Ms. Hatampa and Ms. McDonald ["Plaintiffs"] filed a Complaint [1] in this Court on August 24, 2012, alleging that they were falsely arrested and imprisoned by officers of the Biloxi Police Department at the IP on September 15, 2011. Compl. [1] at 3. Plaintiffs contend that an unknown officer, "Defendant Doe," called Ms. McDonald "bitch" while escorting her from the IP in handcuffs, and that when Ms. Hatampa "advised [the officer] his conduct was improper . . . Defendant Doe responded–in full view of dozens of citizens and the IP's cameras–by pepper spraying Ms. Hatampa in the face at point-blank range while her hands were cuffed behind her back." *Id.* The Complaint further alleges that when Ms. Hatampa did not move quickly enough for Defendant Doe, he pushed her and "her head hit a glass door, causing significant bruising to her forehead." *Id.*

Plaintiffs state that "Defendants responded by failing to offer Ms. Hatampa any medical attention and later dropping all charges against Ms. Hatampa and Ms. McDonald." *Id.* at 4. They allege that Defendant Doe sprayed Ms. Hatampa in the face with a hose at the police station and that Ms. Hatampa was given a few eye drops at the jail. *Id.* However, Plaintiffs maintain that Ms. Hatampa was never offered the opportunity to see a medical professional. *Id.* Both Plaintiffs were held overnight and released the next day. *Id.*

The Complaint advances claims pursuant to 42 U.S.C. § 1983 for Defendants' purported violations of Plaintiffs' Fourth and Fourteenth Amendment rights under

the United States Constitution, as well as state law claims for assault, battery, false arrest, false imprisonment, negligent infliction of emotional distress and mental anguish, intentional and/or gross infliction of emotional distress and mental anguish, negligent supervision/training, negligent hiring/retention, negligence per se, and gross negligence. *Id.* at 6–10. Plaintiffs originally named as Defendants the City of Biloxi; City of Biloxi Police Department; John Miller, individually and as Biloxi Police Chief; City of Biloxi City Council; and John Doe Officer. Pursuant to Agreed Orders [17], [18], [41], previously entered in this case, the Court dismissed all Defendants except the City of Biloxi. The City of Biloxi has now filed the current Motion seeking dismissal of Plaintiffs' claims.

## II. DISCUSSION

A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and

inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

B.  Analysis

    1.  Plaintiffs' Federal Claims

The Complaint charges that the City of Biloxi is liable to Plaintiffs under § 1983 because its officers "wantonly and intentionally used excessive force against Ms. Hatampa and Ms. McDonald" and falsely arrested and imprisoned them and because the City was negligent in its supervision, training, hiring, and retention of those officers. Compl. [1] at 5–9. The City maintains that "[t]here is no policy or custom of the City of Biloxi causing the constitutional deprivations alleged by Plaintiffs," and that "[t]here is no proof that the supervision, training, and hiring provided and undertaken by the City of Biloxi amounted to deliberate indifference to the constitutional rights of Plaintiffs." Mot. [47] at 1. Plaintiffs have not responded to the City's Motion [47].

A city cannot be held liable under § 1983 on a theory of respondeat superior. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). "To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To this end, "[a] plaintiff

-4-

must identify: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.* at 541–42 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). "Knowledge on the part of a policymaker that a constitutional violation will most likely result from a[n] . . . official custom or policy is a *sine qua non* of municipal liability under section 1983." *Curtis v. Anthony*, 710 F.3d 587, 595 (5th Cir. 2013) (quoting *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)).

Plaintiffs have not identified any custom or policy to which they trace their alleged deprivation of rights. Nor have Plaintiffs demonstrated any knowledge on the part of a policymaker that a constitutional violation would most likely result from such custom or policy. In the absence of any response, Plaintiffs have not presented evidence showing a material question of fact exists for trial on these issues.

Plaintiffs also base their § 1983 claim against the City upon a failure to train theory. However, this theory lacks record support. For a plaintiff to succeed on a negligent training claim against a municipality, she must demonstrate that: (1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a "moving force" in causing the violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy. *Valle*, 613 F.3d at 544 (citations omitted).

Plaintiffs have not presented any evidence that the City of Biloxi's training was inadequate or that it was a "moving force" in causing any violation of Plaintiffs' rights. Nor have Plaintiffs presented any evidence that the City was deliberately indifferent. *See id.* Plaintiffs' bare allegations of "negligence" are insufficient to support their § 1983 claims against the City. *See id.* Summary judgment in the City's favor on Plaintiffs' federal claims is therefore appropriate.

2. Plaintiffs' State Law Claims

The City of Biloxi also seeks dismissal of Plaintiffs' state law claims. The Complaint advances claims under state law for assault and battery; false arrest; false imprisonment; negligent infliction of emotional distress and mental anguish; intentional and/or gross infliction of emotional distress and mental anguish; negligent supervision, training, hiring, and retention; negligence *per se*; and gross negligence. The City argues that the "Court lacks jurisdiction over Plaintiff McDonald's state law claims as she failed to submit a Notice of Claim prior to filing suit," Mot. [47] at 1, and that Plaintiff Hatampa's state law claims are barred by provisions of the Mississippi Tort Claims Act ["MTCA"], *id.*; *see also* Mem. [48] at 11–12 (citing Miss. Code § 11-46-9(1)(c)). Plaintiff has not responded to these arguments.

a. Plaintiff McDonald's Claims

"The MTCA is the exclusive remedy for filing a lawsuit against governmental entities." *City of Jackson v. Brister*, 838 So. 2d 274, 278 (Miss. 2003). The MTCA waives the sovereign immunity "of the state and its political subdivisions from

-6-

claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment," Miss. Code. § 11-46-5(1), subject to the plaintiff "fil[ing] a notice of claim with the chief executive officer of the governmental entity" at least ninety days before instituting the suit, Miss. Code. § 11-46-11(1). Section 11-46-11(2) delineates how the notice of claim is made and what it must include.

In its Answer [10] and Motion [47], the City has affirmatively pled that Plaintiff McDonald failed to serve notice of her claim. Answer [10] at 12. Plaintiff McDonald has produced no evidence to the contrary. Based on the record before the Court, there is no evidence that McDonald provided the City with the requisite pre-suit notice as mandated by Mississippi Code § 11-46-11(1). "[A]bsent compliance with the statute, [the City's] immunity is intact." *Tallahatchie General Hosp. v. Howe*, 49 So. 3d 86, 92 (Miss. 2010) (citing Miss. Code § 11-46-7(1)). Summary judgment is therefore appropriate on Plaintiff McDonald's state law claims. *See* Miss. Code. § 11–46–11(1); *Howe*, 49 So. 3d at 92; *see also Newton v. Lincoln Cnty.*, 86 So. 3d 270, 275 (Miss. Ct. App. 2010).

      b.    Plaintiff Hatampa's Claims

The City contends that it is entitled to immunity with respect to Plaintiff Hatampa's state law claims pursuant to Mississippi Code § 11-46-9(1)(c). Mem. [48], at 12. This portion of the statute provides that

> (1)    A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> 
>                     \*   \*   \*

> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury . . . .

Miss. Code § 11-46-9(1)(c).

It is clear from the record, and Plaintiff Hatampa does not dispute, that the City of Biloxi police officer who arrested her was acting within the course and scope of his employment at all pertinent times. *See, e.g.,* Compl. [1] at 5–6. The City has not argued in its Motion [47] or Memorandum [48] that Plaintiff Hatampa was engaged in criminal activity at the time of her injury. Therefore, the issue presented is whether the officer acted in reckless disregard for Plaintiff Hatampa's safety and well being. *See* Mem. [48] at 12–14; *see also* Miss. Code § 11-46-9(1)(c).

"The plaintiff bears the burden to show, by a preponderance of the evidence, that the officers acted with reckless disregard." *Davis v. City of Clarksdale*, 18 So. 3d 246, 249 (Miss. 2009). The Mississippi Supreme Court has explained that

> "[r]eckless disregard" exceeds gross negligence and embraces willful and wanton conduct. *Miss. Dep't of Pub. Safety v. Durn*, 861 So. 2d 990, 994–95 (Miss. 2003) (quoting *City of Jackson v. Lipsey*, 834 So. 2d 687, 691–92 (Miss. 2003)). The terms "reckless," "willful," and "wanton" refer to conduct that "is so far from a proper state of mind that it is treated in many respects as if harm was intended." *Maldonado v. Kelly*, 768 So. 2d 906, 910 (Miss. 2000) (emphasis removed) (quoting *Maye v. Pearl River County*, 758 So.2d 391, 394 (Miss. 1999)). "The usual meaning assigned to . . . [these] terms is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *Maldonado*, 768 So. 2d at 910 (emphasis removed) (quoting *Maye*, 758 So.2d at 394). Such conduct "usually is accompanied by a conscious indifference to

consequences, amounting almost to a willingness that harm should follow." *Maldonado*, 768 So. 2d at 910 (quoting *Maye*, 758 So. 2d at 394).

*City of Jackson v. Gardner*, 108 So. 3d 927, 929 (Miss. 2013).

To the extent Plaintiff Hatampa asserts claims against the City of Biloxi for negligence and gross negligence, such claims are barred by the MTCA as they do not rise to the level of "reckless disregard" or "willful and wanton conduct." *See id.*; *see also* Miss. Code § 11-46-9(1)(c). Nor has Plaintiff Hatampa identified which statute the City or its police officers allegedly violated in order to support a claim for negligence per se. Hatampa's negligence per se, negligence, and gross negligence claims against the City of Biloxi cannot withstand summary judgment.

With respect to her remaining state law claims, Plaintiff Hatampa has submitted no competent summary judgment evidence creating a material fact question that the actions of the City of Biloxi or its police officers amounted to willful or wanton conduct. While Plaintiffs have made various unsupported allegations in their Complaint, in the absence of a response to the City's Motion [47] or any supporting evidence, there is no competent evidence that the officers intended harm to follow their actions towards Hatampa. Nor is there sufficient evidence establishing a conscious indifference by the officers to the consequences of their actions. Plaintiff Hatampa has not come forth with any probative evidence creating a genuine issue of fact for trial and has therefore not satisfied her summary judgment burden. Summary judgment is appropriate on her state law claims pursuant to Mississippi Code § 11-46-9(1)(c). *See, e.g., City of Laurel v. Williams*, 21 So. 3d 1170, 1175–76 (Miss. 2009).

x

### III. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [47] filed by Defendant City of Biloxi will be granted, and this case will be dismissed with prejudice. The Motion to Strike Expert Testimony [49] filed by Plaintiffs Anastasia Hatampa and Lashunda McDonald is therefore moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [47] filed by Defendant City of Biloxi is **GRANTED**, and this civil action is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Motion to Strike Expert Testimony [49] filed by Plaintiffs Anastasia Hatampa and Lashunda McDonald is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this 11th day of December, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE